**Ghaleb AZROUI, Plaintiff–Appellant,**

v.

**E\*TRADE SECURITIES, LLC, Defendant–Appellee.**

No. 12–2346.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 23, 2013.\*

Decided Jan. 24, 2013.

---

\* After examining the briefs and record, we have concluded that oral argument is unnec-

Ghaleb Azroui, Chicago, IL, pro se.

Jennifer Yule Depriest, James T. Hult-
quist, Reed Smith LLP, Chicago, IL, for
Defendant–Appellee.

Before FRANK H. EASTERBROOK,
Chief Judge, ILANA DIAMOND
ROVNER, Circuit Judge and JOHN
DANIEL TINDER, Circuit Judge.

### ORDER

Ghaleb Azroui appeals the denial of his
motion to vacate an arbitration award fa-
voring E*Trade Securities, LLC. Azroui
conducted online trading through
E*Trade's website and believes the compa-
ny violated its customer agreement by fail-
ing to process his trading requests in a
timely manner and twice freezing his ac-
count. The customer agreement includes
a broad arbitration clause, and Azroui sub-
mitted his claim to arbitration. During
the hearing E*TRADE admitted that it
had frozen Azroui's account after detecting
a potential security threat—Azroui had
logged on using a computer unfamiliar to
E*TRADE. When he asked the firm to
unfreeze the account, it mistakenly re-
stored only some of the account's function-
ality. Azroui maintained that E*TRADE's
error prevented him from making timely
trades that would have netted him at least
$165,000. The three-member arbitration
panel disagreed and ruled in favor of
E*Trade.

Dissatisfied, Azroui asked a federal
court to vacate the award. See 9 U.S.C.
§§ 6, 10. He accused the arbitrators of
failing to "listen well" to the evidence that
he had offered against E*Trade. The dis-
trict court denied Azroui's motion to va-
cate. It concluded that Azroui had not
met his burden to show that the arbitra-
tors were biased, refused to hear evidence,
or exceeded their powers—the only
grounds that could permit vacating the
award. See id. at § 10(a)(1)-(4); Affymax,
Inc. v. Ortho–McNeil–Janssen Pharm.,
660 F.3d 281, 284 (7th Cir.2011).

Azroui appeals and rehashes his conten-
tion that the arbitrators were biased. He
insists that they rejected all his evidence
and ruled in favor of E*Trade despite its
admission that it had made a mistake. To
Azroui, this shows "evident partiality or
corruption" on the part of the arbitrators.
See 9 U.S.C. § 10(a)(2). We review de
novo the denial of the motion to vacate,
Webster v. A.T. Kearney, Inc., 507 F.3d
568, 571 (7th Cir.2007), but we agree with
the district court that Azroui did not meet
his "difficult" burden of showing direct
bias, Harter v. Iowa Grain Co., 220 F.3d
544, 556 (7th Cir.2000). His evidence of
bias is that the panel ruled against him on
a record that he believes favored him.
But factual or legal errors are never
grounds for vacating an arbitration award,
Eljer Mfg., Inc. v. Kowin Dev. Corp., 14
F.3d 1250, 1254 (7th Cir.1994), and a mere
appearance of bias (as Azroui infers from
the adverse ruling) is likewise not a valid
ground for vacatur, see Health Servs.
Mgmt. Corp. v. Hughes, 975 F.2d 1253,
1264 (7th Cir.1992).

Azroui also presents a new argument—
the arbitrators impaired the fundamental
fairness of the hearing by denying his
request for a postponement. See 9 U.S.C.
§ 10(a)(3). But he forfeited this argument
by raising it for the first time on appeal.
See Anderson v. Donahoe, 699 F.3d 989,
997 (7th Cir.2012); Coleman v. Hardy, 690

essary. Thus the appeal is submitted on the
briefs and record. See FED. R. APP. P.
34(a)(2)(C).

F.3d 811, 818 (7th Cir.2012). In any event, his brief tells us nothing about the reasons he gave the arbitrators for the postponement or how its denial adversely affected him.

Accordingly, we **AFFIRM** the district court's judgment.